# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BETHANY WOOD, | Civil No. 07CV0860 J (WMc) |
| Plaintiff, | |
| v. | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT** |
| CITY OF EL CAJON, municipal government entity; EL CAJON POLICE DEPARTMENT, as a separate entity and as a division of the City of El Cajon; WILLIAM ROBERT TAYLOR, an individual; and DOES 1-25, inclusive, | |
| Defendants. | |

Before the Court is Defendants City of El Cajon and El Cajon Police Department's ("Defendants") Motion to Dismiss Plaintiff Bethany Wood's ("Plaintiff") First Amended Complaint ("FAC"). [Doc. No. 5.] For the reasons set forth below, the Court **GRANTS IN PART AND DENIES IN PART** the Motion.

## *Background*

The following factual allegations are set forth in Plaintiff's FAC. Plaintiff alleges that on May 13, 2005, Defendant William Robert Taylor, a former El Cajon police officer, arrested her for taking a small push scooter from a playground and for possession of marijuana. (FAC ¶ 22.) When Taylor arrested Plaintiff, he was on duty and in uniform. (*Id.*) Taylor took Plaintiff to her

home, searched the home, and found a marijuana plant. (*Id.* ¶¶ 23-24.) Taylor then transported Plaintiff to the Department for processing. (*Id.* ¶ 25.) Taylor told Plaintiff he was going to take her to jail, although she was not fingerprinted or photographed at the Department, and he placed her in his patrol car. (*Id.*) Taylor and another police officer stood outside of the car, played with a rifle, and pointed it upward as though they were going to shoot it. (*Id.*)

Taylor left the Department alone with Plaintiff and drove her back to her home. (*Id.* ¶ 26.) Once inside the home, Taylor repeatedly asked Plaintiff what she "would be willing to do" to avoid going to jail. (*Id.*) Taylor rubbed his penis outside of his pants and told Plaintiff, "You don't necessarily have to have sex with me if you have sex with yourself." (*Id.* ¶ 30.) Taylor told Plaintiff to undress, and she did so. (*Id.* ¶ 31.) Taylor told Plaintiff that she had a "good body" and that she should "show it off more." (*Id.* ¶ 32.) Taylor then told Plaintiff that she could put her clothes on. (*Id.*) Taylor filled out a citation for petty theft and possession of marijuana, and Plaintiff signed the citation. (*Id.* ¶ 33.)

Plaintiff alleges that between February 22, 2004, and September 27, 2005, Taylor engaged in a continuous pattern of sexual assault and bribery under color of law against seven female detainees. (*Id.* ¶ 38.) In 2006, Taylor was criminally charged with using his authority to coerce women he had arrested into performing sexual acts. (*Id.* ¶ 36.) On May 21, 2007, Taylor pled guilty to five felonies. (*Id.* ¶ 37.)

On July 13, 2007, Plaintiff filed the FAC. [Doc. No. 8.] The FAC contains three causes of action: (1) deprivation of civil rights under 42 U.S.C. § 1983; (2) violation of Fifth Amendment rights; and (3) false imprisonment and false arrest. (*See generally* FAC.) On July 30, 2007, Defendants filed the instant Motion to Dismiss. [Doc. No. 10.] Plaintiff has filed an opposition. [Doc. No. 13.]

### *Legal Standard*

Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. *See* Fed. R. Civ. P. 12(b)(6); *see also Ileto v. Glock, Inc.*, 349 F.3d 1191, 1199-1200 (9th Cir. 2003). A motion to dismiss should be granted if the plaintiff is unable to delineate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974

(2007) (abrogating *Conley v. Gibson*, 355 U.S. 41 (1957)).  A complaint may be dismissed as a matter of law for two reasons: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable theory.  *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

In reviewing the motion, the court must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party.  *See Gompper v. VISX, Inc.*, 298 F.3d 893, 895  (9th Cir. 2002).  However, the court is not bound to accept as true a legal conclusion couched as a factual allegation.  *See Papasan v. Allain*, 478 U.S. 265, 286 (1986); *see also W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).  Instead, the court must determine "whether conclusory allegations follow from the description of facts as alleged by the plaintiff."  *Holden v. Hagopian*, 978 F.2d 1115, 1121 (9th Cir. 1992) (citations omitted).  When ruling on a motion to dismiss, the court may consider the facts alleged in the complaint, documents attached to the complaint, and documents relied upon but not attached to the complaint when authenticity is not contested.  *See Cooper v. Pickett*, 137 F.3d 616, 623 (9th Cir. 1997).

*Discussion*

Defendants argue that the first and second causes of action of the FAC fail to state facts sufficient to hold them liable under 42 U.S.C. § 1983 for Taylor's alleged constitutional violations.  (Mot. at 2-3.)  Defendants also argue that, to the extent Plaintiff's third cause of action alleges a § 1983 claim, the cause of action must be dismissed because the City and Department cannot be held liable under the principle of respondeat superior.  (*Id.* at 3.)

**I.        Plaintiff's 42 U.S.C. § 1983 Cause of Action**

Defendants argue that Plaintiff has failed to state a claim under 42 U.S.C. § 1983 because she has not identified a custom or policy of the City or Department that caused her injury.  (*Id.* at 7.)  In opposition, Plaintiff argues that her Complaint alleges that Defendants had a "policy, custom and practice of allowing Officer Taylor to act alone with female arrestees."  (Opp'n to Mot. at 4.)

Section 1983 allows a party to bring a civil action for constitutional deprivations against persons acting under color of state law.  42 U.S.C. § 1983; *see also Allen v. City of Portland*, 73

F.3d 232, 235 (9th Cir. 1996) (noting that the critical inquiry in a § 1983 action is whether the plaintiff has been deprived of a right secured by the Constitution). A person deprives another of a constitutional right, within the meaning of § 1983, if he commits an affirmative act or omits to perform an act that causes a plaintiff to be deprived of her rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

A local government entity "may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell v. N.Y. City Dep't Soc. Servs.*, 436 U.S. 658, 694 (1978). Only when the "execution of a government's policy or custom" leads to the injury may the government entity be held responsible under § 1983. *Id.* In the Ninth Circuit, a § 1983 claim is "sufficient to withstand a motion to dismiss even if the claim is based on nothing more than a bare allegation that the individual officers' conduct conformed to official policy, custom, or practice." *Whitaker v. Garcetti*, 486 F.3d 572, 581 (9th Cir. 2007) (citing *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1127 (9th Cir. 2002)).

Here, Plaintiff's § 1983 claim meets the requirements of notice pleading as defined in the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 8(a) ("A pleading . . . shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."). In the FAC, Plaintiff alleges that as a direct and proximate result of unconstitutional actions by Defendants, Plaintiff was deprived of her rights under the First, Fourth, Fifth, Eighth, and Fourteenth Amendments. (FAC ¶ 66.) Plaintiff alleges that Defendants had "a practice, custom and policy of allowing male officers to arrest and transport female arrestees alone"; "a practice, custom, or policy of allowing male officers to conduct physical searches and interrogations of female arrestees alone"; and "a practice, custom, or policy of not requiring videotaping [of] arrests or interviews, and of not requiring that the arrestee be fingerprinted and photographed so that a record could be made of the officer and his arrestees." (*Id.* ¶ 54.) Plaintiff further alleges that "Officer TAYLOR'S conduct conformed to the official practices, customs and policies" of Defendants. (*Id.* ¶ 58.) Plaintiff also asserts that "[t]he above stated unconstitutional practices, customs and policies under color of law were a direct, legal and proximate cause of plaintiff's damages." (*Id.* ¶ 63.) It is clear from the face of the FAC that Plaintiff seeks to hold Defendants

liable under § 1983 on an unlawful policy or custom theory for injuries arising out of her arrest by Taylor. Plaintiff has alleged that Defendants had a practice, custom, or policy of permitting male officers to act alone in arresting female suspects, and that Taylor's conduct conformed to this practice, custom, or policy. These allegations, which must be taken as true, are sufficient to give rise to a cause of action against Defendants. *See Whitaker*, 486 F.3d at 581. Accordingly, the Court **DENIES** Defendants' Motion to Dismiss as to Plaintiff's § 1983 claim.

## II.     Plaintiff's Fifth Amendment Claim

Plaintiff alleges a violation of her rights under the Fifth Amendment. (FAC ¶ 72.) However, "[t]he Due Process Clause of the Fifth Amendment and the equal protection component thereof apply only to actions of the federal government–not to those of state or local governments." *Lee v. City of Los Angeles*, 250 F.3d 668, 687 (9th Cir. 2001) (citing *Schweiker v. Wilson*, 450 U.S. 221, 227 (1981)). Defendants are not federal actors, and the Fifth Amendment therefore does not apply to their actions. Because Plaintiff cannot cure the defect in her Fifth Amendment claim, the Court **DISMISSES** without leave to amend Plaintiff's claim alleging a violation of the Fifth Amendment.

## III.     Plaintiff's False Arrest Claim

Plaintiff alleges that she was falsely arrested "without lawful privilege" and "without due process." (FAC ¶ 75). Although it is unclear from the Complaint whether Plaintiff is pursuing her false arrest claim under state law or under 42 U.S.C. § 1983, Plaintiff clarifies in her Opposition to Defendant's Motion to Dismiss that this claim is "part of plaintiff's section 1983 action." (Opp'n at 8.)

As noted above, a government entity may be held responsible under 42 U.S.C. § 1983 only when the "execution of a government's policy or custom" leads to the plaintiff's injury. *See Monell*, 436 U.S. at 694. To state a false arrest claim under 42 U.S.C. § 1983, a plaintiff must allege a municipal policy which caused her false arrest. *See McKenzie v. City of Milpitas*, 738 F. Supp. 1293, 1301 (N.D. Cal. 1990).

Plaintiff has failed to identify a municipal policy which caused her alleged unlawful arrest. Plaintiff has also failed to allege that Taylor's execution of a municipal policy caused

him to unlawfully arrest her for possession of marijuana and theft. Plaintiff only challenges policies that govern an officer's conduct *after* an individual has been arrested. Although Plaintiff alleges that Defendants had a policy or custom of allowing male officers to arrest, transport, search, and interrogate female suspects alone, Plaintiff does not allege that this policy or custom caused, led to, or resulted in her false arrest. For example, she does not allege that Defendants had a policy or custom of detaining individuals without probable cause, that Taylor executed this policy by arresting her without probable cause, or that Defendants' policy or custom regarding arrest procedures caused her false arrest. Instead, the Complaint simply alleges that "Plaintiff was also subjected to a false arrest and an arrest without due process while being taken to her home on multiple occasions for unlawful purposes." (FAC ¶ 76.) Because this statement fails to satisfy the pleading requirements of a 42 U.S.C. § 1983 claim, the Court **DISMISSES** Plaintiff's false arrest claim.

**VI.     Leave to Amend**

"Leave [to amend] shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Moreover "[t]he standard for granting leave to amend is generous." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1988). It "should be granted 'if it appears at all possible that the plaintiff can correct the defect.'" *Id.* (quoting *Breier v. N. Cal. Bowling Proprietors' Ass'n*, 316 F.2d 787, 789-90 (9th Cir. 1963)); *see also Lopez v. Smith,* 203 F.3d 1122, 1130 (9th Cir. 2000) ("[A] district court should grant leave to amend . . . unless it determines that the pleading could not possibly be cured by the allegation of other facts.").

In this case, Plaintiff's Fifth Amendment claim is dismissed because Defendants are not federal actors. Plaintiff cannot cure this defect, and leave to amend her Fifth Amendment claim is therefore **DENIED**. Plaintiff's false arrest claim is dismissed because the Complaint does not allege that Taylor was executing a municipal policy or custom when the alleged false arrest took place. Because there is at least some possibility that Plaintiff can correct this defect, leave to amend the false arrest claim is **GRANTED**.

//

//

*Conclusion*

Defendants' Motion to Dismiss is **DENIED** with respect to Plaintiff's 42 U.S.C. § 1983 claim.  Plaintiff's Fifth Amendment claim is **DISMISSED** without leave to amend.  Plaintiff's false arrest claim is **DISMISSED** without prejudice and with leave to amend for failing to state a claim upon which relief may be granted.  Plaintiff is granted thirty (30) days from the date stamped "Filed" on this order to file a Second Amended Complaint which addresses each pleading deficiency noted above.  The Second Amended Complaint must be complete in itself without reference to the original Complaint.  *See* Local Rule 15.1.  All claims not re-alleged in the Second Amended Complaint will be deemed to have been waived.  *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

**IT IS SO ORDERED.**

DATED:  August 28, 2007

_____
HON. NAPOLEON A. JONES, JR.
United States District Judge

cc: Magistrate Judge McCurine
   All Parties